IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA REYNA VASQUEZ, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-2486-O |
| v. | § | 3:12-CR-0392-O (09) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's petition to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the foregoing reasons, the Court denies the petition.

I.

On May 9, 2013, Petitioner pled guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). On September 20, 2013, the Court sentenced her to 240 months in prison. On June 17, 2014, the Fifth Circuit Court of Appeals dismissed her appeal as frivolous. *United States v. Vasquez*, No. 13-11039 (5th Cir. June 17, 2014).

On August 8, 2016, Petitioner filed the instant § 2255 petition. She argues she should receive a mitigation role adjustment to her sentence under § 3B1.2 of the sentencing guidelines as clarified by Amendment 794.

II.

Petitioner's claim that she is entitled to a reduced sentence under Amendment 794 is not cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)

1

(stating misapplication of the sentencing guidelines is not a cognizable claim under 28 U.S.C. § 2255); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Instead, a claim for reduction of sentence due to a retroactive guideline amendment should be brought under 18 U.S.C. § 3582(c)(2). *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) (per curiam).

Here, even if the Court construed Petitioner's motion as one brought under § 3582(c)(2), she would not be entitled to relief. Under 18 U.S.C. § 3582(c)(2) a court may modify a previously imposed sentence if the defendant's applicable sentencing range under the sentencing guidelines has subsequently been lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009); *see also* U.S.S.G. § 1B1.10(a). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a).

Amendment 794 became effective on November 1, 2015. It did not alter the language of U.S.S.G. § 3D1.2, but merely clarified that, when determining a defendant's role in criminal activity for purposes of § 3B1.2, the court should compare the defendant's role to other participants in the criminal activity at issue, not to persons participating in other similar crimes.

Except on direct appeal, a clarifying amendment is not retroactively applicable unless it is listed in U.S.S.G. § 1B1.10(d). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996); *United States v. Rodriguez*, 306 Fed. App'x 147, 148 (5th Cir. 2009). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d). *See United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). Therefore, it does not apply retroactively under

§ 3582(c), and Petitioner is not entitled to relief.

III.

The petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Signed this 7th day of November, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**